J-S37009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DIODORO | |
| Appellant | No. 3547 EDA 2014 |

Appeal from the PCRA Order November 12, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005422-2010

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 18, 2015**

Appellant, Anthony Diodoro, appeals from the order entered in the Delaware County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Appellant pled guilty to twenty-five (25) counts of possession of child pornography.  On June 20, 2011, the court sentenced Appellant to twelve-and-a-half (12½) to twenty-five (25) years' imprisonment.  Appellant filed a post-sentence motion *nunc pro tunc* on February 27, 2012, which the court allowed but later denied relief on March 1, 2012.  Appellant sought no direct review.  On July 18, 2012, Appellant filed his first PCRA petition, which the court denied on May 23, 2013.  Appellant filed the current PCRA petition *pro*

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*se* on September 11, 2014. On September 30, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice. Appellant filed a counseled response on November 10, 2014. The court dismissed Appellant's petition as untimely on November 12, 2014. On December 11, 2014, Appellant filed a timely notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on March 31, 2012, upon expiration of the time to file an appeal to this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on September 11, 2014, more than two years after his judgment of sentence became final. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. §

- 2 -

9545(b)(1). Additionally, Appellant failed to plead and prove any exception to the PCRA timeliness requirements. Therefore his claim remains time-barred. *See Commonwealth v. Voss*, 838 A.2d 795 (Pa.Super. 2003) (holding PCRA time limits are jurisdictional in nature and apply generally to issues raising legality of sentence). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2015